UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WILLIAM JOHNSON )
)
Plaintiff, )
)
vs. ) Civil Action No. 4:11-cv-00966
)
FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. )
)
Defendant. )

**VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

WILLIAM JOHNSON, ("Plaintiff"), through the undersigned counsel, Dave Lilley, alleges the following against FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. ("Defendant"):

INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff William Johnson an individual consumer, against Defendant Financial Asset Management Systems, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Texas Debt Collection Practices Act, § 392 *et seq.* (hereinafter, "TDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, William Johnson is a natural person residing in Houston, Harris County, Texas.

4. Defendant, Financial Asset Management Systems, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 20450 NW Amberwood Dr. Ste. 122, Beaverton, Washington County, Oregon 97006. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff in May of 2010.

7. Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt owed under an account number, including at least one call after 9 o'clock postmeridian; which is an inconvenient time for Plaintiff.

8. Defendant's agents have spoken to Plaintiff in an condescending, belittling, demeaning, and offensive manner, one agent once stating that, "Well, we're not going to stop the garnishment because basically you're not responsible enough to pay your bills, so that's not something that would benefit my company."

9. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling both stressed and ill.

## CLAIM FOR RELIEF

10. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

11. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

> (a) Defendant violated *§1692d(2)* of the FDCPA by using language the natural consequence of which was to abuse the hearer or reader; and
>
> (b) Defendant violated *§1692c(a)(1)* by calling Plaintiff in connection with the collection of the alleged debt before 8 o'clock antemeridian, local time at the consumer's location, which is an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction.

12. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff William Johnson for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## CLAIM FOR RELIEF

13. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

14. Defendant violated TDCPA § 392. Defendant's violations of TDCPA § 392 include, but are not limited to the following:

> a) Defendant violated TDCPA § 392.302(1) by using profane or obscene language or language intended to abuse unreasonably Plaintiff, who was the hearer or reader.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the above violations of the TDCPA § 392, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, plaintiff respectfully requests that judgment be entered against Defendant Financial Asset Management Systems, Inc., for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of TDCPA § 392;

    B. Actual damages;

    C. Statutory damages pursuant to 15 U.S.C. § 1692k;

    D. Statutory damages pursuant to TDCPA § 392;

    E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and TDCPA § 392; and

    F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff WILLIAM JOHNSON demands trial by jury in this action.

[ELECTRONIC SIGNATURE AFFIXED ON NEXT PAGE]

This 16th day of March, 2011.

Respectfully Submitted,

ALEX SIMANOVSKY & ASSOCIATES, LLC

*/s/ Dave Lilley*
Dave Lilley, Esq.
TX Bar No. 24035064
Attorney for Plaintiff

Alex Simanovsky & Associates, LLC
1912 Loop 11
Wichita Falls, TX 76306
Phone: 1-866-865-3666, Ext. 1056
Fax: 877-570-5413

Corporate Office Address:
2300 Henderson Mill Road, Suite 300
Atlanta, GA 30345
Phone: (770) 414-1002, Ext. 1012
Fax: (770) 414-9891